**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-CV-324-JBC

PAUL NEWTON                                                                    PETITIONER

VS:                        **MEMORANDUM OPINION AND ORDER**

JOE W. BOOKER, Warden                                                      RESPONDENT

Paul Newton, who is incarcerated in the Federal Medical Center (FMC) in Lexington, Kentucky, has filed a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, and has paid the $5.00 district court filing fee.

This matter is now before the court for screening.  28 U.S.C. § 2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

<u>CLAIMS</u>

The petitioner asserts that (1) his sentences are illegally and unconstitutionally enhanced; (2) he is actually innocent of being an armed career criminal; (3) the rule of lenity should be applied; and (4) this court should correct this miscarriage of justice.

<u>FACTUAL ALLEGATIONS</u>

The following is a summary or construction of the factual allegations as contained in the completed petition form and an accompanying handwritten Motion for

Post Conviction Relief.  Record Nos. 1-2.

The petitioner states that after a guilty plea on January 31, 2003, in the United States District Court for the Southern District of Indiana, Case No. IP02-121-CR-C 1 MT, he was convicted of being a felon in possession of a firearm, in violation of 28 U.S.C.. § 922(g)(1) and being an armed career criminal subject to enhancement under § 924(e).  He is currently serving the resulting concurrent 180-month sentences, which, he argues, were improperly enhanced because his counsel did not challenge and the trial court considered several previous state convictions for the enhancement.  The petitioner writes that he did not appeal.  He did later challenge his sentences in the trial court, but relief was denied on March 4, 2004.

The petitioner claims, among other things, that his previous state convictions for burglary, conspiracy to commit burglary, and attempted arson, were constitutionally infirm under today's law and should not have been used as predicates for enhancement purposes under the Firearm Owner Protection Act of 1986. Moreover, he asserts, they were not violent felonies.  Therefore, he alleges, he cannot be guilty of the § 924(e) offense, and he can demonstrate "actual innocence" of being an armed career criminal.  Further, he argues, the rule of lenity would be appropriate in his circumstance.

The petitioner prays that this court vacate his sentence and re-sentence him without the § 924(e) enhancement.

## DISCUSSION

2

The general rule is that 28 U.S.C. § 2255 relates to conviction and imposition of sentence and such issues must be brought before the trial court.  A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is to be brought in the district where a petitioner is incarcerated and may only challenge *execution* of sentence, such as the computation of parole or sentence credits.  *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979).  Since the petitioner's claims relate to the sentences imposed by the federal district court in the Southern District of Indiana, they are not ordinarily cognizable claims for this court under 28 U.S.C. § 2241.

Nevertheless, certain language in the fifth paragraph of 28 U.S.C. § 2255 provides that a district court may exercise jurisdiction over § 2255 claims under 28 U.S.C. § 2241.  Commonly called the "savings clause" of § 2255, § 2241 is used only after the petitioner establishes that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255; *Cohen v. United States*, 593 F.2d at 770-71.

In the district courts in the Sixth Circuit, including the Eastern District of Kentucky, the district court presented with a § 2241 challenge to a conviction and/or sentence(s), which is usually presented to the trial court under § 2255, must make a threshold inquiry.  The court must find that the § 2241 petitioner has satisfied two elements in order for the court to proceed to examine his or her claims on the merits.  Under *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999) and *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), the petitioner must demonstrate that (1) he has been barred

3

from filing a § 2255 motion to raise the claim, *and* (2) he is making a claim of actual innocence based on a later Supreme Court decision which narrowly defines a term of the statute under which he was convicted.  Then and only then will this court be able to address the merits of that claim under 28 U.S.C. § 2241.

As to the first of these requirements in the instant case, the court finds that, unlike the petitioners who have claimed actual innocence and have been permitted to use § 2241, the instant petitioner has had previous opportunities to raise his claims – at trial, on appeal, and in his apparent collateral challenge to the trial court.  To the extent that he suggests that he has, indeed,  already filed a § 2255 motion, he does not allege or demonstrate that he sought permission to bring a second § 2255 with new claims and was denied.  In short, he has not demonstrated that his remedy by a § 2255 trial court is inadequate or ineffective.  *See* 28 U.S.C. § 2255.

Although the court's conclusion as to the first prerequisite makes further inquiry unnecessary, the court nonetheless finds that the instant petitioner also fails with regard to the second prong of the test, *i.e.*, demonstrating actual innocence, as the term is discussed in *Bousley v. United States*, 523 U.S. 614 (1998).  The Supreme Court noted that "[t]o establish actual innocence, Petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 623.  The Court went on to state, "[i]t is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. . . ."  *Id.* at 623-24.

It is doubtful that a person can be actually innocent of a sentence generally.

4

Even so, it is clear that case law distinguishes claims falling under the label of "legal innocence" from claims of "actual innocence" of *the underlying offense charged in the indictment*. *See Hernandez-Escarsega v. Morris*, 2002 WL 845060 (10th Cir. May 3, 2002) (Table, unpublished) (the court distinguishing claims of legal innocence from claims of actual, or factual, innocence); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001) ("[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law"); *Whitener v. Snyder*, 23 Fed. Appx. 257, 2001 WL 1178302 (6th Cir. September 24, 2001) (same).

Therefore, the petitioner having failed to pass the threshold of demonstrating that his remedy *via* a § 2255 motion to the trial court is barred and that he is actually innocent of criminal conduct under an intervening ruling handed down by the Supreme Court of the United States, the instant petition must be denied and his cause dismissed.

<u>CONCLUSION</u>

For the reasons discussed, it is **ORDERED** that Petitioner Newton's petition for writ of habeas corpus is **DENIED,** this action will be **DISMISSED**, *sua sponte,* from the docket of the court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

5

Signed on September 7, 2005

*Jennifer B. Coffman*

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY